IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANET L. CLEVENGER,

        Plaintiff,

v.                                                       Civil Action No. 2:05-CV-93

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

## I. Introduction

A.     Background

Plaintiff, Janet L. Clevenger, (Claimant), filed her application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on October 16, 2007.[1] Commissioner filed a response to the application on October 29, 2007.[2] Claimant filed a reply to Commissioner's response on November 8, 2007.[3] A hearing was held before this Court on January 28, 2008.

B.     The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice Act.

---

[1] Docket No. 23

[2] Docket No. 24

[3] Docket No. 25

C.      Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**. Commissioner's position the ALJ complied with the Appeals Council's Order by employing a mental medical expert was substantially justified, despite being denied by the Court.

## II.  Facts

Claimant filed her complaint on December 21, 2005, seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4] Commissioner filed his answer on March 9, 2006.[5] Claimant filed her motion for summary judgment on April 10, 2006.[6] Commissioner filed his motion for summary judgment on May 10, 2006.[7] This Court entered a report and recommendation on November 7, 2006, recommending that the action be remanded to the Commissioner for employment of a physical medical expert.[8] On September 11, 2007, the Honorable Robert E. Maxwell, U.S. District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[9]

---

[4] Docket No. 1

[5] Docket No. 7

[6] Docket No. 11

[7] Docket No. 14

[8] Docket No. 18

[9] Docket No. 21

## III. Claimant's Application for Award of Attorney's Fees

A.     Contentions of the Parties[10]

Claimant contends that the Court should award attorney fees because the Commissioner's position in support of the ALJ's employment of a mental, rather than physical, expert at the hearing was <u>not</u> substantially justified. Commissioner contends the ambiguity in the language of the Appeals Council's Order and evidence in the record establishes his position was substantially justified.

B.     The Standards

1.     EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

2.     General Eligibility Requirements. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412;

---

[10] Claimant, in her Application for Fees, alleges "the Commissioner's ALJ failed to comply with well-settled law in the 4th Circuit and relied upon answers to a hypothetical question posed to the Vocational Expert that did not accurately reflect plaintiff's limitations; failed to include a limitation in standing and walking in his RFC; omitted severe impairments; and failed to perform an adequate analysis of whether the claimant's condition met or equaled a listed impairment in Appendix 1." The Court declines to assess the merits of these claims, both because many of them were raised in Claimant's Motion for Summary Judgment and denied by the Court and because the sole issue on remand related to the employment of a physical medical expert, not to "the whole case," as Claimant asserts. Accordingly, the Court will limit it's consideration to whether the Commissioner's position on the issue of the medical expert was substantially justified.

Crawford, 935 F.2d at 656.

3.     Substantial Justification - Definition.  Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified.  Pierce v. Underwood, 487 U.S. 552, 565-69 (1988).  The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits.  Crawford v. Sullivan, 935 F.2d at 657.  Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Pierce, 487 U.S. at 565.

4.     Substantial justification - Burden of Proof.  In the district court, the government has the burden of showing substantial justification.  Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5.     Substantial justification - Independent Determination by the Court.  While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position.  Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6.     Substantial justification - Law and Fact.  The government's position must be substantially justified in both fact and law.  Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656.  An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts.  Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantial justification - Disputed Facts</u>. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. <u>Thompson</u>, 980 F.2d at 282.

8. <u>Substantial justification- Arguably Defensible Administrative Record</u>. A position based on an arguably defensible administrative record is substantially justified. <u>Crawford</u>, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. <u>Sigman v. U.S. Dep't. of Health and Human Servs.</u>, 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. <u>Substantial justification - Government Ignores the Law</u>. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. <u>Hyatt v. Heckler</u>, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. <u>Id.</u> at 382. A policy of non-acquiescence cannot be substantially justified. <u>Thompson</u>, 980 F.2d at 283.

10. <u>No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded</u>. Commissioner is not automatically liable for attorney's fees every time he loses a case. <u>Crawford</u>, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." <u>Id.</u> (citing <u>Tyler Business Services, Inc. v. NLRB</u>, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. <u>Cook v. Sullivan</u>, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. <u>Substantial Justification versus Substantial Evidence</u>. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. <u>Evans v. Sullivan</u>, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). <u>Cook</u>, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." <u>Id.</u>

12. <u>Final Judgment - Timely Filing of Application</u>. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

15. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. <u>Payne v. Sullivan</u>, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. <u>Crawford</u>, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. <u>Hensley</u>, 461 U.S. at 433.

### 2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on September 11, 2007. Commissioner therefore had until November 11, 2007,

to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed her application for attorneys' fees on October 16, 2007, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed before the thirty day period for appealing the judgment had run; therefore, the motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565).

The issue in the present case is whether Commissioner's position in support of the ALJ's employment of a mental, as opposed to physical, expert was substantially justified. As reflected in the record, the Appeals Council, upon review of the ALJ's initial denial of benefits, remanded the case to the ALJ and ordered the ALJ to **"obtain evidence from a medical expert regarding the nature and severity of the claimant's impairments and their impact on her ability to perform work-related activities, including whether the impairments meet or equal the**

**severity of an impairment"** in the Listings. (Tr. 25). At the subsequent hearing, the ALJ employed Dr. L. Leon Reid, Ph.D. (Tr. 804). Dr. Reid was qualified to testify only to Claimant's mental impairments, not her physical impairments. (Tr. 805). Claimant, in her Motion for Summary Judgment, argued the ALJ erred by failing to employ a physical medical expert. Commissioner, in his Motion for Summary Judgment, argued the ALJ did not err in hiring a mental medical expert. The District Court agreed with Claimant and remanded the case so a physical medical expert could be employed. Claimant now argues the Commissioner's position was not substantially justified. The Court finds Commissioner's position, despite being denied by the District Court, was substantially justified because it relied on a "reasonable" interpretation of the language in the Order. See Pierce, 487 U.S. at 566 n.2.

The Order of the Appeals Council called for a "medical expert" without further specification as to mental or physical medical expert. Because Claimant's complaints were largely physical as opposed to mental, and because the impairments found to be severe by the ALJ were physical, the Order could reasonably be read as requiring a physical medical expert. However, because relevant evidence in the record suggested Claimant's physical conditions did not meet or equal a Listing and because multiple medical reports established Claimant retained the ability to work, (Tr. 254-59, 267-74, 289-96, 456-57, 466-56, 562, 621), it was likewise reasonable for the Commissioner to interpret the Order as not requiring a physical medical expert. See Pierce, 487 U.S. at 565 [holding substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."].

The Commissioner's position was justified in both fact and law, and was therefore substantially justified. The Court so finds despite the fact Claimant's position was also arguably

9

reasonable and ultimately adopted by the Court. Notably, when the Undersigned stated in its Report and Recommendation "it is difficult to believe the Appeals Council wanted an ME to testify regarding Claimant's mild mental impairments, but not her more significant physical ones," the Undersigned was engaged in deciding whether the ALJ fulfilled the demands of the Appeals Council's Order, not whether it was reasonable for the Commissioner to interpret the Order as he did.

Accordingly, relief should be denied.

### IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**. Commissioner's position the ALJ complied with the Appeals Council Order by employing a mental medical expert was substantially justified, despite being denied by the Court.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: February 21, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE